UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI NOWAID, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CAPITAL GROUP, LLC, <br><br> Defendant. | Case No. 25-cv-05913-RFL <br><br> **ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 7 |

Plaintiffs Ali Nowaid ("Nowaid") and Breeze Capital Group LLC ("Breeze Capital") seek a temporary restraining order against the foreclosure sale of a property in California, scheduled to take place on July 17, 2025. (Dkt. No. 7.) For the reasons stated below, the temporary restraining order is **GRANTED**.

Plaintiffs allege that Nowaid obtained a loan in August 2022, executing a deed of trust in favor of American Capital Group, LLC ("Defendant"). The loan was set to mature on October 1, 2024. Prior to the loan maturing, Nowaid allegedly secured replacement financing through CV3 Financial Services ("CV3"), but his attempts to have Defendant provide him with a payoff demand were allegedly obstructed. As a result, the letter of intent from CV3 expired. Nowaid allegedly attempted to get a payoff demand from Defendant multiple times, to no avail. Defendant ultimately provided Nowaid with a payoff demand on December 7, 2024, which was past the date of the loan's maturity, requesting an allegedly inflated amount of $880,374. On March 12, 2025, a notice of default was recorded on the property, and on June 17, 2025, a notice of trustee's sale was recorded, seeking over $981,000 through a foreclosure sale.

Based on Plaintiffs' allegations that Defendant interfered with Nowaid's ability to secure replacement financing and pay off the loan, there are serious questions going to the merits of this case. In its opposition brief to Plaintiffs' motion for temporary restraining order, Defendant

provided no evidence to contest this characterization of the facts. Rather, its primary argument was that Plaintiffs are not the current owners of the property, and thus, do not have standing to seek injunctive relief. Although the official records of the County of Alameda Recorder's Office, submitted by Defendant, show that Nowaid deeded the property to Pine Country, LLC on February 27, 2024 (Dkt. No. 13-1 at 23),[1] Plaintiffs have submitted evidence that the property was transferred back to Breeze Capital by quitclaim deed on August 11, 2024 (Dkt. No. 17 at 4). That is sufficient to establish Breeze Capital's likely ownership of the property at this stage.

Moreover, although this appears to be an income-generating property, "because real property is considered unique, its loss through foreclosure is generally considered sufficient to constitute an irreparable harm." *Knopp v. JP Morgan Chase Bank N.A.*, No. 12-cv-01428, 2012 WL 3778879, at *3 (E.D. Cal. Aug. 31, 2012) (collecting cases). The equities also tip in Plaintiffs' favor. If Plaintiffs prevail in this lawsuit, reversing the foreclosure sale to reobtain the property presents a challenging logistical hurdle. However, if Defendant prevails, the property can still be foreclosed on shortly, after the merits are litigated.

Accordingly, the motion for temporary restraining order is **GRANTED**. Defendant is hereby **ENJOINED** from conducting a trustee's sale for the property located at 1183 Central Blvd., Hayward, CA 94542. This Order shall remain in effect until **July 30, 2025 at 5:00 p.m**. Defendant is **ORDERED TO SHOW CAUSE** in-person at the hearing on **July 30, 2025 at 1:30 p.m.** why a preliminary injunction should not issue. Defendant shall file its opposition brief by no later than **July 21, 2025**. Plaintiffs shall file their reply brief by no later than **July 24, 2025**.

**IT IS SO ORDERED.**

Dated: July 16, 2025 at 4:13 p.m.

RITA F. LIN
United States District Judge

---

[1] Courts are authorized to take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendant's request for judicial notice is granted on this basis. (Dkt. No. 13-1.)