UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI NOWAID, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN CAPITAL GROUP, LLC,<br><br>    Defendant. | Case No. 25-cv-05913-RFL<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 7, 18 |

      On July 15, 2025, Plaintiffs Ali Nowaid ("Nowaid") and Breeze Capital Group LLC ("Breeze Capital") sought a temporary restraining order to enjoin American Capital Group, LLC ("Defendant") from proceeding with a scheduled foreclosure sale of a property in California. (Dkt. No. 7.) On July 16, 2025, the Court granted the motion for temporary restraining order, and ordered Defendant to show cause for why a preliminary injunction should not issue. (Dkt. No. 18.) The parties twice stipulated to extend the temporary restraining order for good cause while exploring a potential resolution, but are now prepared for entry of an order. For the reasons stated below, the motion for preliminary injunction is **GRANTED**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

      Nowaid obtained a loan in August 2022, executing a deed of trust in favor of Defendant. The loan was set to mature on October 1, 2024. Prior to the loan maturing, Nowaid secured replacement financing through CV3 Financial Services ("CV3"). However, according to Plaintiffs, Nowaid's attempts to have Defendant provide him with a payoff demand were obstructed, and as a result, the letter of intent from CV3 expired. Nowaid allegedly attempted to get a payoff demand from Defendant multiple times before the date of loan maturity, to no avail.

      In its opposition brief to the motion for preliminary injunction, Defendant contested this characterization of the facts, stating that it did in fact provide "multiple payoff quotes before and after maturity." (Dkt. No. 21 at 7.) However, though Defendant submitted declarations attesting

to the dates on which those payoff requests were provided (Dkt. No. 21-1 ("Schnurr Decl.") at 4; Dkt. No. 21-2 ("FCI Decl.") at 2-3), the declarations did not attach any documentary evidence of the actual payoff letters or communications.  Though Defendant could rely on notes to prepare the declaration, the actual letters and communications are the evidence that could definitively resolve the disputed issue of whether Defendant timely sent the payoff demands requested.  As such, their absence was odd, since those records would have presumably been in Defendant's possession.

At the hearing, Defendant requested for the first time that the record be re-opened so that it could provide proof of the email communications and the signed payoff letters.  Defendant had been ordered to provide its evidence opposing the preliminary injunction by July 21, 2024.  (Dkt. No. 18.)  To seek an extension of that deadline, Defendant must show good cause under Rule 16, and demonstrate it acted diligently but was unable to meet the deadline.  Defendant has failed to make such a showing.  Plaintiffs filed their reply on July 25, 2025, noting the absence of the actual payoff letters.  As such, at latest, Defendant has been aware for over five weeks that this evidence is important.  Defendant never moved to extend the deadline to file its opposition or to file a sur-reply with additional evidence.  Nor was Defendant state able to state why the evidence took so long to gather, whether it undertook diligent efforts to gather it, or why it had failed to realize the significance of the evidence earlier.  As of the hearing, Defendant admitted that its counsel had not made the proof of the email communications that was proposed to be submitted available to Plaintiffs or their counsel.  Accordingly, Plaintiffs' counsel was unable to respond on the merits, and would be prejudiced by allowing the record to be reopened.  Because of the lack of good cause, and the potential prejudice, Defendant's request to supplement the record is denied.

According to the record before the Court, Defendant ultimately provided Nowaid with a payoff demand on December 7, 2024, which was past the date of the loan's maturity, requesting an allegedly inflated amount of $880,374.  On March 12, 2025, a notice of default was recorded on the property, and on June 17, 2025, a notice of trustee's sale was recorded, seeking over

$981,000 through a foreclosure sale.

As to Nowaid, the former owner of the property, there is no basis to grant a preliminary injunction. According to the official records of the County of Alameda Recorder's Office, Nowaid deeded the property to Pine Country, LLC on February 27, 2024, thereby transferring his ownership interest. (Dkt. No. 13-1 at 23.)[1] The only irreparable harm that Plaintiffs argue is likely to result from the foreclosure sale is that which would come from the loss of their interest in the real property. (Dkt. No. 7-4 at 6; Dkt. No. 30 at 8.) However, to the extent Nowaid retains any interest in the property, it is only based on his status as the borrower. Thus, Nowaid is not likely to suffer an irreparable harm if the foreclosure sale were to proceed.

By contrast, Breeze Capital retains an ownership interest in the property. Plaintiffs have submitted an August 11, 2024 quitclaim deed transferring the property back to Breeze Capital. Although Defendant argues that this deed was not recorded, the lack of recording alone is not sufficient to defeat Breeze Capital's standing to challenge the upcoming foreclosure sale. The transfer is valid between Pine Country and Breeze Capital regardless of whether it was recorded, because the lack of recording does not invalidate the deed as to the parties to the deed. *See* Cal. Civil Code § 1217. Accordingly, it is Breeze Capital who stands to suffer the harm, not Pine Country, if the property is sold in foreclosure.

Defendant further argues that Breeze Capital does not have standing to bring its claims because it was not a party to the loan agreement, as required to assert claims for a violation of California Civil Code § 1671 (Count I) and the breach of the implied covenant of good faith and fair dealing (Count II), and has not established that it suffered an economic injury as a result of the unfair practices, as required to assert a claim for a violation of California's Unfair Competition Law, California Business and Professions Code § 17200 (Count III).

With respect to Count III, Breeze Capital is likely to lose its interest in the property, were

---

[1] Courts are authorized to take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendant's request for judicial notice is granted on this basis. (Dkt. No. 13-1.)

the foreclosure sale to proceed, which is sufficient to establish standing under the UCL. Additionally, there are serious questions going to the merits of the case, at least as to Breeze Capital's claim under the UCL.[2] Breeze Capital has presented evidence that Defendant engaged in unfair and deceptive practices, and Defendant has not produced evidence that adequately refutes that account. Breeze Capital was not required to allege tender to demonstrate a likelihood of success on its UCL claim, as is required when bringing a wrongful foreclosure claim and seeking to set aside the foreclosure itself. *See, e.g.*, *Blackwell v. Wells Fargo Home Mortgage, Inc.*, No. 10-cv-04917, 2011 WL 250436, at *2 n.2 (N.D. Cal. Jan. 26, 2011). Furthermore, for the reasons explained in the prior order granting the temporary restraining order, Breeze Capital is likely to suffer irreparable harm, and the balance of equities tip in Plaintiff's favor.

Defendant requests that Plaintiffs be required to post a bond as security for damages that may result from a wrongfully granted injunction. Courts have discretion to dispense with the security requirement when granting relief under Rule 65. *See People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Plan. Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985). Because Defendant has not submitted any evidence of the specific monetary harm would be suffered from enjoining its conduct, the Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

Accordingly, the motion for preliminary injunction is **GRANTED**. Defendant and its agents are hereby **ENJOINED** during the pendency of this action from conducting a trustee's sale for the property located at 1183 Central Blvd., Hayward, CA 94542.

**IT IS SO ORDERED.**

Dated: September 2, 2025

RITA F. LIN
United States District Judge

---

[2] Because the Court finds that there are serious questions going to the merits of Breeze Capital's UCL claim such that a preliminary injunction is warranted, it need not reach the additional claims.